UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CALLOU CORPORATION                               CIVIL ACTION

VERSUS                                           NO: 13–5437

ROBERT BERTHELOT                                 SECTION "H"(4)


## ORDER AND REASONS

Before the Court is a Motion to Remand (R. Doc. 8) filed by Defendant Robert Berthelot ("Berthelot").  For the following reasons, the Motion is GRANTED.  The above-captioned matter is REMANDED to the Thirty-Fourth Judicial District Court for the Parish of St. Bernard.


## BACKGROUND

This is a civil action originally filed in state court by Plaintiff Callou Corporation ("Callou"). Berthelot answered the petition and asserted a reconventional demand. Callou subsequently filed a notice removal, to which Berthelot responded with a motion to remand.

1

**LAW AND ANALYSIS**

28 U.S.C. § 1441(a) allows the "the defendant or defendants" to remove a civil action to federal court unless removal is expressly prohibited by another statute. The principles of comity and federalism mandate strict construction of removal statutes in order to minimize encroachment on the sovereignty of state courts. *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus, "any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The removing party bears the burden of proving that removal is proper. *See In re DEEPWATER HORIZON*, 745 F.3d 157, 162–63 (5th Cir. 2014).

It is well established that a plaintiff/counterclaim defendant such as Callou cannot remove a case to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) ("We can find no basis for saying that Congress, by omitting from the present statute all reference to 'plaintiffs,' intended to save a right of removal to some plaintiffs and not to others."); *In re Crystal Power Co., LTD.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("[W]hen a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants."). Rather, the right of removal is limited to defendants. *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("[O]nly a defendant, never a plaintiff, may remove a civil action from state to federal court."); 14C Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 3730 (4th ed. 2014) ("[P]laintiffs cannot remove, even when they are in the position of defendants with regard to a

2

counterclaim asserted against them."). Given the foregoing, removal by Callou was improper.

## CONCLUSION

For the reasons previously stated, the above-captioned matter is remanded.

New Orleans, Louisiana, this 25th day of June, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

3